SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7322
Facsimile:  (415) 436-6748
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant Dr. Donald C. Winter,
Secretary of the Navy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULINE HORVATH,<br><br>               Plaintiff,<br><br>   v.<br><br>DONALD C. WINTER, Secretary of the Navy,<br><br>               Defendant. | Case No. C 07-04952 JSW<br><br>**DEFENDANT DONALD C. WINTER'S' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1))**<br><br>Date:   February 15, 2008<br>Time:   9:00 a.m.<br>Courtroom 2, 17th Floor<br>Hon. Jeffrey S. White |

MOTION TO DISMISS
Case No. C07-04952 JSW

**TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NOTICE OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES TO BE DETERMINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    Plaintiff's Employment and Litigation History Against the Navy.. . . . . . . . . . . . 3

       B.    Plaintiff's Current Claims Against the Navy.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       C.    Plaintiff's Appeal of the Final Agency Decision . . . . . . . . . . . . . . . . . . . . . . . .4

       D.    Plaintiff's District Court Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.    This Court's March 26, 1999 Order.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.    This Court Lacks Subject Matter Jurisdiction Over Claims For
            Which Plaintiff Has Failed To Exhaust Administrative Remedies. . . . . . . . . . . 6

IV.  SUMMARY AND CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*B.K.B. v. Maui Police Department*,
    276 F.3d 1091 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Boyd v. U.S. Postal Service*,
    752 F.2d 410 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brown v. General Serv. Administration*,
    425 U.S. 820 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cherosky v. Henderson*,
    330 F.3d 1243 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Henderson*,
    314 F.3d 409 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kokkonen v. Guardian Life Insurance Co. of America*,
    511 U.S. 375 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Leorna v. U.S. Department of State*,
    105 F.3d 548 (9th Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lyons v. England*,
    307 F.3d 1092 (9th Cir. 2002 ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Railroad Passenger Corp. v. Morgan*,
    536 U.S. 101(2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Roberts v. Carrothers*,
    812 F.2d 1173 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Savage v. Glendale Union High School*,
    343 F.3d 1036 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shepard v. Winter*,
    2007 WL 3070495 (W.D. Wash. Oct. 19, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Vinieratos v. Department of the Air Force*,
    939 F.2d 762 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### FEDERAL STATUTES, RULES AND REGULATIONS

42 U.S.C. § 2000e-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 2000e-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

| | | |
|---|---|---|
| 1 | 29 C.F.R. § 16104.105(a)(1). | 7 |
| 2 | 29 C.F.R. § 1614.105. | 1 |
| 3 | 29 C.F.R. § 1614.105(a)(2). | 7 |
| 4 | 29 C.F.R. §1614.204(a)(2). | 4 |
| 5 | 29 C.F.R. § 1614.405(b)5. | 5 |
| 6 | FRCP 12(b)(1)) | 1 |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS
Case No. C07-04952 JSW                                iii

## NOTICE OF MOTION

TO PLAINTIFF APPEARING IN PROPRIA PERSONA:

PLEASE TAKE NOTICE that on February 15, 2008 at 9:00 a.m. in Courtroom 2 on the 17th Floor, United States Federal Court, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jeffrey S. White, United States District Judge, defendant Donald C. Winter will move the court for an order dismissing plaintiff's claims for lack of subject matter jurisdiction.

Pursuant to Civil Local Rule 7-3, plaintiff's opposition or statement of nonopposition must be served and filed no later than 21 days before the hearing date. If plaintiff serves the opposition by mail, it must be mailed three days before the due date, pursuant to Civil Local Rule 5-5.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(1). The motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Michael T. Pyle and the exhibits thereto, all the matters filed with the Court, and such other evidence as may be submitted and considered by the Court.

## ISSUES TO BE DETERMINED

1. On March 26, 1999 United States District Judge Marilyn Patel issued an order requiring Plaintiff Pauline C. Horvath to seek leave of court "before she files any additional actions in this District involving any claims related to her employment with the United States Navy" and ordered that "the Clerk of the Court shall not accept for filing without an order of this court" any such complaint. Plaintiff's complaint in this action asserts "claims related to her employment with the United States Navy." Plaintiff did not obtain leave of court before filing her complaint and the clerk apparently accepted it for filing. Should plaintiff's complaint be dismissed or such other action as the court deems appropriate be taken in light of the court's March 26, 1999 order?

2. A federal employee seeking to pursue a complaint of discrimination is required to contact an Equal Employment Opportunity ("EEO") Counselor within the time frame set forth in 29 C.F.R. § 1614.105, which requires contact with an EEO Counselor within forty-five

days of the incident giving rise to the complaint. The Equal Employment Opportunity Commission ("EEOC") dismissed plaintiff's claims due to plaintiff's failure to initiate EEO contact in a timely manner. Does this court lack subject matter jurisdiction over plaintiff's complaint because of her failure to exhaust her administrative remedies?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Pauline C. Horvath's complaint consists of a three page form "Employment Discrimination Complaint" which alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), a statute which forbids discrimination in federal employment on the basis on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. Title VII also makes it unlawful for an employer to retaliate against an individual because he or she has made a charge of discrimination or opposed a discriminatory practice. *Id.* at § 2000e-3. Plaintiff attached several documents to her complaint and incorporated at least some of them into her complaint.

Plaintiff is a former employee of the Department of the Navy ("Navy") who ceased her employment with the Navy in 1992. She has brought numerous EEO complaints against her former employer and brought several lawsuits against former Navy Secretaries, the latter filings leading Judge Patel in 1999 to issue an order requiring plaintiff to seek leave of court "before she files any additional actions in this District involving any claims related to her employment with the United States Navy" and ordered that "the Clerk of the Court shall not accept for filing without an order of this court" any such complaint. Plaintiff's complaint falls within the scope of that order and the court should either dismiss the complaint or take such other action as the court deems appropriate.

Whatever the court does with regard to the 1999 order, however, plaintiff's complaint should be dismissed because she was required by law to contact an EEO Counselor within forty-five days of the alleged discriminatory incidents, but plaintiff did not do so until years after the fact, well after forty-five days. Accordingly, plaintiff's claims should be dismissed for lack of subject matter jurisdiction because she failed to timely exhaust her administrative remedies.

II.  **STATEMENT OF FACTS**

    A.  **Plaintiff's Employment and Litigation History Against the Navy**.

Plaintiff was employed by the Department of the Navy, as a Personnel Staffing Specialist at the GS-11 grade level. She worked at the Naval Aviation Depot ("NADEP"), located in Alameda, California until 1992. Plaintiff received disability retirement in September 1993. The NADEP closed in September 1996 under the Base Realignment and Closure Act of 1990. At various times since 1986, plaintiff has made EEO complaints against her former employer.

Moreover, plaintiff has previously filed at least five other actions in which she alleged that she was discriminated against and retaliated against based on her race and disability, with each of those actions arising from her former employment with, and disability retirement from, the United States Navy. Each of these lawsuits were ordered related and heard by United States District Judge Marilyn Patel: Actions 97-0088 MHP; 97-0441 MHP; 97-0534 MHP; 98-4562 MHP; 98-4604 MHP. An Administrative Motion to relate the current case to these earlier cases is currently pending.

On March 26, 1999, Judge Patel issued an order requiring Plaintiff to seek leave of court "before she files any additional actions in this District involving any claims related to her employment with the United States Navy" and ordered that "the Clerk of the Court shall not accept for filing without an order of this court" any such complaint. *See* Declaration of Michael T. Pyle ("Pyle Decl.") at Exhibit 1.

    B.  **Plaintiff's Current Claims Against the Navy.**

On July 23, 1998, plaintiff initiated EEO contact, alleging discrimination on the basis of disability and reprisal for prior EEO activity. See Pyle Decl. at Exhibit 2. There were two claims in her formal complaint. On August 19, 1999, plaintiff converted her individual complaint into a class complaint. In plaintiff's class complaint, plaintiff alleged that she and other members of the purported class were victims of unlawful employment discrimination on the basis of disability and in reprisal for prior EEO activity when:

MOTION TO DISMISS
Case No. C07-04952 JSW                  3

(1) NADEP placed the names of employees who had filed EEO, Office of Workers Compensation, and/or Office of Personnel Management claims on a Command History "blacklist/hit list", which was used to deny promotions and generally harass the employees whose names appeared on the list; and,

(2) NADEP discouraged employees whose names appeared on the "blacklist/hit list" from filing informal EEO complaints.

Plaintiff's class complaint has a complex procedural history. Upon completion of the EEO investigation, the Navy transferred the case to an EEOC Administrative Judge ("AJ") to determine whether the class should be certified. An AJ dismissed the complaint on September 18, 2001. Plaintiff appealed this dismissal. On September 3, 2003, the EEOC's Office of Federal Operations ("OFO") found the record was insufficiently developed to determine whether the class complaint satisfied the requirements to state a claim of class-based retaliation and as a result remanded the case to an AJ. On remand, the AJ dismissed the class complaint on two grounds. With regard to the first claim, the AJ found the claim failed to meet the numerosity, commonality, typicality, and adequacy of representation requirements to sustain a class action under 29 C.F.R. § 1614.204(a)(2). The AJ dismissed the second claim as untimely. The Navy adopted the AJ's recommendation in its final agency decision on November 17, 2004.

**C.     Plaintiff's Appeal of the Final Agency Decision.**

Plaintiff initiated a timely appeal from the agency's final decision. In a decision dated April 16, 2007, the OFO determined that the AJ erred in addressing the question of class certification on the first claim because the pertinent issue was whether plaintiff made timely contact with an EEO Counselor. With respect to the first claim the OFO found that the adverse action that gave rise to this claim involved plaintiff's non-selection for promotion in 1989/90. Given that plaintiff did not initiate EEO contact until July 23, 1998, OFO dismissed this claim for untimely EEO contact.

With respect to the second claim involving an allegation that NADEP discouraged those whose names appeared on the "blacklist/hit list" from filing EEO complainants, OFO found that the adverse action giving rise to this claim took place in 1994.  Given that plaintiff did not initiate EEO contact until July 23, 1998, well beyond the forty-five day limit, OFO also dismissed this claim and the complaint in its entirety.  *See* Pyle Decl. at Exhibit 3.

Plaintiff initiated a timely request for reconsideration of OFO's April 16, 2007, decision dismissing the complaint. *See* six page 5/18/07 letter attached as exhibit to complaint.  The OFO denied plaintiff's request on June 21, 2007, because it found her request failed to meet the criteria of 29 C.F.R. § 1614.405(b).  *See* Pyle Decl. at Exhibit 4.

### D.    Plaintiff's District Court Complaint

After receiving the June 21, 2007 decision from the OFO , plaintiff filed a complaint in the district court against Donald C. Winter, in his official capacity as Secretary of the Navy.

Plaintiff's district court complaint against the Navy appears to allege the same two claims that were dismissed by the OFO on April 16, 2007 as having been untimely. *See* Paragraph 4 of plaintiff's complaint (checking box "c" for "failure to promote me" and box "d" for "being blacklisted with other Navy employees who have filed an EEO complaint").  Paragraph 7 of plaintiff's complaint alleges that the alleged discrimination against her occurred "on or about 1986 and thereafter."

### III.    ARGUMENT

Defendant brings this motion to dismiss pursuant to Rule 12(b)(1), a rule which permits the court to consider the evidence attached to a declaration accompanying the motion. *Roberts v. Carrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Plaintiff is the one who bears the burden of establishing subject matter jurisdiction since she is the one seeking to invoke the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Plaintiff must furnish affidavits or other evidence in order to satisfy her burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### A.    This Court's March 26, 1999 Order.

Defendant submits that, as a preliminary matter, the court should consider what actions to take, if any, regarding compliance with the court's March 26, 1999 order. *See* Pyle Decl. at Exhibit 1. While Defendant respectfully submits that the court should dismiss the complaint for failure to comply with the March 26, 1999 Order defendant recognizes that the court has discretion to determine what actions, if any, to take with regard to its Order. For example, the court could presumably inquire through an Order to Show Cause as to whether or not plaintiff previously raised the claims and issues in this suit in one or more of her earlier suits and, if not, why she did not do so given that she had cases against the Navy pending when she claims to have first learned of the alleged "blacklisting" evidence.

Regardless of what the court decides is appropriate with respect to the March 26, 1999 order, Defendant respectfully submits that this court lacks subject matter jurisdiction over the complaint because of plaintiff's failure to timely exhaust administrative remedies.

**B.   This Court Lacks Subject Matter Jurisdiction Over Claims For Which Plaintiff Has Failed To Timely Exhaust Administrative Remedies.**

Plaintiff's claims of discrimination should be dismissed for lack of subject matter jurisdiction because plaintiff failed to timely exhaust her administrative remedies. Title VII specifically requires a federal employee to exhaust her administrative remedies as a statutory precondition to suit. *Brown v. General Serv. Administration*, 425 U.S. 820, 832-33, 96 S.Ct. 1961 (1976); *Vinieratos v. Dept. of the Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991). If a plaintiff has not exhausted her administrative remedies, there is no subject matter jurisdiction over the Title VII claim. *B.K.B.*, 276 F.3d at 1099.

Plaintiff failed to timely exhaust her administrative remedies because she failed to initiate EEO contact within the required period, and thus these claims were properly dismissed by the EEOC on April 16, 2007, as untimely. A federal employee seeking to pursue a complaint of discrimination must to contact an EEO counselor "within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 16104.105(a)(1). Failure to contact an EEO counselor within the time specified precludes a federal employee from pursuing her claim in federal court. *Boyd v. U.S.*

*Postal Service,* 752 F.2d 410, 414-15 (9th Cir. 1985); *see also Lyons v. England*, 307 F.3d 1092, 1105 (failure to initiate timely EEO contact is "fatal to a federal employee's discrimination claim."). It is undisputed that plaintiff did not seek to file an EEO complaint until July 23, 1998, four years after she believed that she was discouraged her from filing EEO complaints, and nearly eight years after the latest non-selection for promotion of which she complains. Consequently, plaintiff's failure to initiate EEO contact is fatal to her claims unless she can establish mitigating circumstances under the doctrine of equitable tolling.[1] *Leorna v. U.S. Dept. of State*, 105 F.3d 548, 551 (9th Cir.1997) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).

Plaintiff contends that her claims are timely because she first became aware of the "blacklist/hit list" on June 14, 1998, and filed her complaint on July 23, 1998, within the forty-five day limit.[2] But fatal to her case is the fact that, as plaintiff candidly acknowledges, she did not file a complaint within forty-five days following her non-selection for any promotion, nor did she file a complaint within forty-five days following any instance that she was allegedly discouraged from filing an EEO complaint.

In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court explained that acts that are easily identifiable such as termination, failure to promote, and refusal to hire, are considered discrete acts, each constituting a separate actionable unlawful employment practice for which the limitations period begins to run from the date on which the underlying act occurs. 536

---

[1] 29 C.F.R. § 1614.105(a)(2) permits untimely complaints where plaintiff "was not notified of the time limits in which to file her complaint, or otherwise was not aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." The doctrines of waiver and estoppel may also toll the filing period. *Boyd,* 752 F.2d at 414-415. However, as plaintiff has given no indication that her claims should be tolled under either of these doctrines, they are not addressed in this motion.

[2] Defendant relies on the date of June 14, 1998 as the date plaintiff alleges she became aware of the "blacklist/hit list", which is taken from plaintiff's initial complaint dated July 23, 1998, rather than the July 1998 date cited in plaintiff's district court complaint. *See* Attachment 1 to district court complaint "Request to Reconsider EEO Appeal" at p.1.

U.S. 101, 114, 122 S.Ct. 2061 (2002). In *Morgan* the Court explained that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id*.

Plaintiff alleges that she was denied promotions and discouraged from filing EEO complaints because her name appeared on an alleged "blacklist/hit list". The heart of plaintiff's complaint involves the individualized use of the alleged "blacklist/hit list" to discriminate against employees whose names appeared on the list by denying them promotional opportunities and by discouraging them from filing EEO complaints. Such individualized decisions are discrete acts, each constituting a separate actionable employment practice for purposes of determining the time limit in which plaintiff should have initiated EEO contact. *Cf. Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) (rejecting plaintiffs' argument that the existence of discriminatory policy extends the statute of limitations for otherwise untimely claims). Thus, plaintiff's duty to initiate EEO contact was triggered each time plaintiff was not selected for promotion or was discouraged from filing an EEO complaint. Given that the NADEP closed in 1996, and plaintiff did not initiate EEO contact until July 1998, all plaintiff's claims should be considered time-barred. Accordingly, plaintiff should be precluded from pursuing these claims in District Court.

The doctrine of equitable tolling may be applied to save an otherwise untimely claim where a plaintiff's failure to comply with the time limitations resulted because the plaintiff had: (1) "neither actual nor constructive notice of the filing period," or, (2) "would not have known of the existence of a possible claim within the limitations period." *Johnson v. Henderson,* 314 F.3d 409, 414 (9th Cir. 2002). Plaintiff was well-aware of the filing period because throughout the course of the ten years preceding the present complaint, plaintiff had filed numerous EEO complaints against her former employer, many of which included charges of retaliation.[3] As the OFO decision dismissing plaintiff's complaint duly noted, "complainant was knowledgeable about requirements for timely counselor contact because she had filed a previous complaint."

---

[3] At the time plaintiff filed her formal complaint in this matter, she had previously filed numerous complaints of discrimination involving her employment at NADEP beginning in 1986, five of which included charges of retaliation. Plaintiff's federal court complaints include: (1) C-97-00088 MHP; (2) C-97-00441 MHP; (3) C-98-4604 MHP; (4) C-98-4562 MHP; and (5) C-97-0534 MHP.

MOTION TO DISMISS
Case No. C07-04952 JSW                                      8

Therefore, plaintiff must be charged with constructive knowledge of what was required to preserve her rights. *See Shepard v. Winter,* No. C06-5463 RBL, 2007 WL 3070495 at *7 (W.D. Wash. Oct. 19, 2007) (finding doctrine of equitable tolling inapplicable where plaintiff had previously sought EEO counseling and filed formal EEO complaints). Additionally, a reasonable person with plaintiff's extensive EEO history should not have only known the time limit for initiating EEO contact, but also knew or should have known that any non-selection for promotion, or instance in which she was allegedly discouraged from filing an EEO complaint, may have been retaliatory, since no fewer than five of her federal complaints alleged retaliation.[4] Consequently, as plaintiff has made no case for the filing period to be tolled beyond the forty-five day limit, any argument for equitable tolling must fail and her complaint should be dismissed.

### IV.  SUMMARY AND CONCLUSION

Defendant submits that the court should dismiss the complaint in reliance on the court's March 26, 1999 order. Regardless, plaintiff's claims should be dismissed for lack of subject matter jurisdiction because plaintiff failed to timely exhaust her administrative remedies in that she failed to contact an EEO Counselor in a timely manner. Plaintiff's failure to do so is inexcusable in light of her long history of EEO complaints and litigation.

Plaintiff has not been employed by the Navy since 1992 and in this lawsuit she seeks redress for events dating back to 1986. It is time to bring an end to plaintiff's litigation against the Navy. Plaintiff's Complaint should be dismissed.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: December 26, 2007                    /s/

MICHAEL T. PYLE
Assistant United States Attorney

ROBYN L. MCNISH

---

[4] *Id.*

MOTION TO DISMISS
Case No. C07-04952 JSW                    9

1
2
3   Trial Counsel
    Office of the General Counsel
    Navy Litigation Office
    Washington Navy Yard
    702 Kennon Street, S.E., Bldg. 36, Rm 233
    Washington D.C. 20374-5013

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS
Case No. C07-04952 JSW                   10