DEPARTMENT OF THE NAVY
OFFICE OF THE SECRETARY
ATTN: JOHN H. DALTON, SECRETARY
1000 NAVY PENTAGON
WASHINGTON, D.C.  20350-1000

DEPARTMENT OF THE NAVY
NAVY PUBLIC WORKS CENTER SAN FRANCISCO BAY
HUMAN RESOURCES OFFICE (HRO)
ATTN: MARY SMITH
P.O. BOX 24003
OAKLAND, CA  94623-1103
510-466-7617/16

PAULINE HORVATH                     REFERENCE:
25899 SEAVER STREET                 #93-65885-003
HAYWARD, CA  94545                  EARB DKT. NO. 96-086
(510) 532-3650                      C97-00534 DLJ*
                                    C97-00441 MHP
                                    C97-00088 MHP

                                            JULY 23, 1998

COMPLAINT FOR PROMOTION

I AM FILING THIS COMPLAINT DIRECTLY WITH YOUR OFFICES BECAUSE THE
NAVAL AVIATION DEPOT, ALAMEDA, CA HAS CLOSED AND I DO NOT KNOW
WHICH IS THE CORRECT ADDRESS FOR FILING THIS EEO COMPLAINT.

I AM FILING THIS RETROACTIVE PERMANENT PROMOTION TO A GS-12 AS I
ONLY BECAME AWARE OF RETALIATORY ACTS CONCERNING MY PERMANENT
PROMOTIONS AS OF 6-14-98 WHILE TWO SAN FRANCISCO DISTRICT COURT
NAVY RETALIATION COMPLAINTS WERE PENDING.

ON 7-28-98 THERE IS A SETTLEMENT CONFERENCE SCHEDULED WITH THE
DISTRICT COURT (JUDGE MARIA ELENA-JAMES, JOCELYN BURTON, ASST DIST.
ATTORNEY HANDLING THESE TWO COMPLAINTS FOR THE NAVY, MY ATTORNEYS
AND MYSELF).

I AM AMENABLE TO COMBINING THESE THREE COMPLAINTS, BUT I AM NOT
CONFIDENT THAT DISTRICT COURT COUNSEL WOULD BE AGREEABLE TO THIS.
SINCE I BECAME AWARE OF THIS RETALIATORY ACT 6-14-98, I AM FORCED
TO FILE THIS COMPLAINT WITH YOUR OFFICES PRIOR TO 7-28-98, AS THE
DATE OF THE SCHEDULED CONFERENCE IS WITHIN THE 45 DAY LIMIT FOR
FILING AN EEO COMPLAINT.

THE ACT I AM COMPLAINING OF IS THE INTENTIONAL RETALIATORY USE OF
A "BLACK LIST" PRINTED BY NADEP ALAMEDA AND CIRCULATED TO SELECTED
MANAGERS.  IT LISTED ALL THE NAMES OF EMPLOYEES WHO HAD FILED EEO
COMPLAINTS  AND  THE  STATUS  OF  THEIR  COMPLAINTS.    IT  WAS
INTENTIONALLY USED TO RETALIATE AGAINST EMPLOYEES WHO HAD FILED
COMPLAINTS  FOR  FUTURE  PROMOTIONS  (PERMANENT  AND  TEMPORARY),
OVERPAYMENTS  TO  PROVIDE  LEVERAGE  AGAINST  EMPLOYEES  TO  SETTLE
COMPLAINTS AND HARASSMENT IN MANY OTHER FORMS. EMPLOYEES (LIKE

EXHIBIT 2

MYSELF) WERE NOT TOLD OF THIS LIST IF THEY HAD COMPLAINTS, UNLESS IT "UNOFFICIALLY" REACHED THEIR HANDS THROUGH COMPASSIONATE MANAGERS WHO DID NOT LIKE THE WAY THE LIST WAS BEING USED TO HARM EMPLOYEES WITHOUT THEIR KNOWLEDGE.   SECRETARIES OF MANAGERS AT DIFFERENT LEVELS ALSO WERE MORE LIKELY TO BECOME AWARE OF THIS LIST AND ITS PURPOSE.

I HAVE WITNESSES (EMPLOYEES, MANAGERS, SECRETARIES), WHO ALSO PERSONALLY SAW THEIR OWN NAMES AND STATUS OF THEIR COMPLAINTS ON THIS LIST. I HAVE RECEIVED DECLARATIONS AND MORE ARE COMING.

I AM AGAIN OUTRAGED BY BLATANT RETALIATORY ACTIVITY.   I HAD FILED EEO COMPLAINTS IN 1986 AND 1992 AND WAS NOT AWARE OF HOW MY BEING "BLACKLISTED" HAD BEEN USED AGAINST ME TO DENY PROMOTIONS.

EXISTENCE OF THE LIST IS SIGNIFICANT IN THE TWO PENDING RETALIATION CASES AS THE ASSISTANT DISTRICT ATTORNEY STATED TO THE MEDIA, HOW COULD I HAVE BEEN HARMED BY THE GOVERNMENT OVERPAYING ME? (SEE PARTIAL LIST OF MEDIA REPORTS ON PAGE 1 OF DR. DAVID KNEAPLER'S ATTACHED REPORT).

THE DELIBERATE OVERPAYMENT TOOK PLACE AFTER THE NAVY HAD PLACED ME ON LWOP, ONLY AFTER THEY WERE FULLY AWARE I WAS HOSPITALIZED FOR SURGERIES THEY CAUSED. IT OCCURRED AT THE SAME TIME ALL MY EMPLOYEE BENEFITS WERE EITHER DENIED OR WITHHELD (DISABILITY RETIREMENT, SIP, WORKERS' COMPENSATION, VLTP).   THE NAVY WITHHELD BENEFITS AND OVERPAID ME TO USE THIS CONDITION AS LEVERAGE IN THEIR ATTEMPTS TO SETTLE MY COMPLAINT (93-65885-003).   I WAS NOT AWARE I HAD BEEN BLACKLISTED DURING THIS PERIOD.

THIS LIST WAS INTENDED TO BE KEPT SECRET FROM EMPLOYEES WHO FILED COMPLAINTS.   FOR THE MANY YEARS I WORKED AT NADEP ALAMEDA, I NEVER HEARD MENTION OF THIS LIST.   MR. ROBERT ELLIOT, THE ONLY OTHER SEVERELY DISABLED EMPLOYEE, WHO USES A WHEELCHAIR, HAS ALSO NEVER HEARD OF THIS LIST, ALTHOUGH HE WORKED IN PERSONNEL AND THEN LATER WORKED DIRECTLY WITH NAVY COUNSEL ON EEO MATTERS. HE BELIEVES HE WAS NOT MADE PRIVY TO THIS LIST BECAUSE HE ALSO HAD MADE EEO COMPLAINTS AGAINST NADEP ALAMEDA (CURRENTLY PENDING IN SAN FRANCISCO DISTRICT COURT).   OTHER EMPLOYEES WHO WORKED IN THE EEO OFFICE, WHO HAD NOT MADE COMPLAINTS, HOWEVER, DID FIND OUT ABOUT THIS LIST.

THERE ARE NUMEROUS FORMER NADEP ALAEDA EMPLOYEES WHO ARE CURRENTLY UNAWARE THAT THEIR NAMES AND THE STATUS OF THEIR COMPLAINTS WERE PUBLISHED AND ADVERSELY USED AGAINST THEM IN SELECTION FOR PROMOTION, HAVING THE NAVY RECOMMEND WAIVER OF OVERPAYMENTS, ETC. THIS GROUP IS QUITE LARGE AS THIS PRACTICE TOOK PLACE OVER A PERIOD OF YEARS.

I DID NOT RECEIVE THE SUPERVISOR'S DECLARATIONS (WHO DENIED ME PERMANENT PROMOTION WITH BARBARA THOMAS) UNTIL AFTER THE FORMAL PART OF THE NAVY'S INVESTIGATION HAD ENDED, THUS BLOCKING MY

ABILITY TO ADD PERMANENT PROMOTION TO THE LIST OF LENGTHY
ALLEGATIONS.   I WAS TOLD THERE WAS ENOUGH EVIDENCE TO SUBMIT A
COMPLAINT BUT THEN I WAS NOT ALLOWED TO ADD IT AFTER THE FORMAL
INVESTIGATION, AT THE EEOC LEVEL, OR EVEN AT THE DISTRICT COURT
LEVEL.   I WAS TOLD BY MY PRIOR ATTORNEY THAT IT DID NOT MATTER THAT
THIS ALLEGATION WAS NOT SPECIFICALLY INCLUDED BECAUSE THE NAVY HAD
ADMITTED TO DISCRIMINATION TO THE TEMPORARY GS-12 PROMOTION THAT
COULD HAVE BEEN MADE PERMANENT.   IT APPEARS THIS ALLEGATION HAS
BEEN CONTINUALLY BLOCKED.

I HAD BEEN DISCRIMINATED AGAINST REGARDING TEMPORARY PROMOTIONS
BY BARBARA THOMAS, MARY MARKS AND JEWEL TEDRICK, MY FIRST AND
SECOND LINE SUPERVISORS.   NAVY COUNSEL DID NOT ADDRESS THIS ISSUE.

HAD IT NOT BEEN FOR THE DISCRIMINATION I SUFFERED AT THE HANDS OF
BARBARA THOMAS, MARY MARKS AND JEWEL TEDRICK, IT IS MORE THAN
LIKELY I WOULD HAVE BEEN PROMOTED TO A GS-12 OR GS-13 SEVERAL YEARS
AGO.

I BEGAN WORK FOR BARBARA THOMAS IN 1888 AND NEVER RECEIVED ANOTHER
PROMOTION THROUGH THE DATE I WAS FORCED TO LEAVE IN 1992.   I HAD
CONSISTENTLY RECEIVED PROMOTIONS BEFORE BEGINNING WORK FOR MS.
THOMAS.   MS. THOMAS CONSISTENTLY DISCRIMINATED AGAINST ME IN EVERY
CATEGORY OF MY WORK AND IT IS INCONCEIVABLE THAT SHE WOULD NOT HAVE
INFLUENCED SUCH A CRITICAL AREA, SINCE THE NAVY INVESTIGATOR FOUND
EVEN TEMPORARY PROMOTION DISCRIMINATION.

MS. THOMAS STATED TO EVERYONE THAT I DID NOT NEED A JOB AND SHOULD
STAY   HOME BECAUSE I WAS "HANDICAPPED."   IT DID NOT MATTER THAT I
WAS FUNCTIONAL PRIOR TO MY SEVERE NON-ACCOMMODATIONS AND HARSH
EMOTIONAL TREATMENT OF ME.   ALL EVALUATIONS FOR PROMOTIONS WENT
THROUGH MS. THOMAS, SO SHE WAS AWARE OF EVERY POSITION I APPLIED
FOR WHILE I WORKED FOR HER AND THUS WAS ABLE TO PROVIDE ADVERSE
INFLUENCE.   SHE, ALONG WITH MS. TEDRICK, REFUSED TO ALLOW ME TO
PARTICIPATE IN THE WOMEN'S EXECUTIVE LEADERSHIP PROGRAM, REFUSED TO
PROVIDE ME A PERMANENT OR TEMPORARY PROMOTION, OR EVEN A DETAIL TO
A GS-12 WHICH WOULD HAVE COST NO MONEY. SHE ADAMANTLY REFUSED TO
PROVIDE ANY DOCUMENTATION THAT I WAS PERFORMING GS-12 DUTIES FOR
HER OWN POSITION WHEN SHE WAS ON LEAVE.

SHE HAD ME ACTING IN HER BEHALF FOR LENGTHY PERIODS, ALTHOUGH SHE
REFUSED TO GIVE ME ANY VISIBLE CREDIT. IT IS A CERTAINTY MS.
THOMAS, MS. TEDRICK AND MS. MARKS ACTIVELY BLOCKED AND DENIED ME
PERMANENT PROMOTIONS.    THEIR ATTITUDES ARE EVIDENT IN THEIR
PREVIOUS DECLARATIONS FOR C97-00534 DLJ.

IT IS STATED IN THE 11-7-96 FINAL SECRETARY OF THE NAVY DECISION
THAT I SHOULD RECEIVE AT LEAST TEMPORARY PROMOTION TO GS-12.   THIS
NEVER TOOK PLACE AND THE $300,000.00 ENTRY OF JUDGEMENT ALSO
INCLUDED ALL ATTORNEY AND COURT COSTS.   TITLE VII DAMAGES WERE NOT
CONSIDERED.   I WAS NOT EVEN PROVIDED THE WITHIN GRADE INCREASES I
WOULD HAVE EARNED AS A GS-11, HAD I NOT BEEN PERMANENTLY INJURED ON
THE JOB.

THE SUPERVISORS WHOM WERE STRONGLY RECOMMENDED BE DISCIPLINED FOR THEIR SUBSTANTIAL DISCRIMINATION CONTINUED TO BE PROMOTED AND REASSIGNED.  IT MAY NOT HAVE BEEN INTENTIONAL FOR THIS TO TAKE PLACE, BUT THERE IS THE DEFINITE APPEARANCE OF REWARDING RATHER THAN PUNISHING THESE EMPLOYEES FOR THEIR BEHAVIOR.

THE COMMANDING OFFICER, CAPTAIN WAYNE SMITH, THE RESPONSIBLE NAVAL AVIATION DEPOT ALAMEDA OFFICIAL DURING MY COMPLAINT, HAS NOW BEEN APPOINTED AN ADMIRAL.  ALTHOUGH HE WAS AWARE OF MY COMPLAINT AND THE RETALIATORY USE OF THE "BLACKLIST," IT WAS DECIDED MY COMPLAINT WOULD NOT BE SETTLED UNTIL HE RECEIVED HIS PROMOTION TO ADMIRAL AND THE BASE HAD CLOSED.  THIS IS EXACTLY WHAT OCCURRED.

I HAVE BEEN CONTACTED CONCERNING PRIVACY RIGHTS INVASION APPROXIMATELY A COUPLE MONTHS BACK BY A MAJOR TV CHANNEL (EMERALD YEH) REGARDING RETALIATORY, SECRETIVE EMPLOYMENT PRACTICES.  SHE WAS AWARE OF MY COMPLAINT THROUGH OTHER MEDIA. AT THE TIME I SPOKE WITH HER, I WAS UNAWARE OF NADEP ALAMEDA'S BLACKLISTING POLICY AGAINST EMPLOYEES WHO FILED COMPLAINTS AND THE RESULTING ADVERSE IMPACT REGARDING THEIR FUTURE PROMOTIONS, ETC. I POSTPONED CONTACT PENDING THE ANTICIPATED SETTLEMENT CONFERENCE NOW SCHEDULED 7-28-98, WHICH HAD NOT YET BEEN SCHEDULED WHEN I SPOKE WITH HER. THERE IS MUCH INTEREST IN RETALIATORY EMPLOYMENT PRACTICES AT THIS TIME.

THE NAVY MAINTAINED THEY DID NOT HARM ME PHYSICALLY OR EMOTIONALLY THROUGHOUT THE LENGTHY EEO ADMINISTRATIVE PROCESS.  BY 1994 I HAD OVERWHELMING MEDICAL EVIDENCE REGARDING MY PHYSICAL AND EMOTIONAL DAMAGES.  HOWEVER, DUE TO THE LARGE PENDING EEO COMPLAINT, THIS EVIDENCE WAS SUPPRESSED. I AM JUST NOW BEING PLACED ON WORKERS' COMPENSATION FOR PERMANENT INJURY ON THE JOB.  THE PHYSICAL AGGRAVATION CLAIM HAD BEEN APPROVED THROUGH 6-97, EVEN AT THE TIME OF THE ENTRY OF JUDGEMENT.  YET, THE NAVY REFUSED TO ASSIST ME IN ANY WAY TO OBTAIN A BENEFIT I WAS FULLY ENTITLED TO. INSTEAD, THE NAVY ATTORNEY'S LAST LETTER REGARDING THE 11-7-96 FINAL SECRETARY OF THE NAVY DECISION, STATED OUTRIGHT THE NAVY SHOULD NOT HAVE TO PAY FOR THE INJURY WHICH THEY KNOWINGLY CAUSED.  THIS IS UNREASONABLE FROM ANY PERSPECTIVE.  WHY WAS I NOT ASSISTED IN OBTAINING THIS BENEFIT ?  I WAS TOLD THE NAVY WOULD STIPULATE TO THE EEO ASPECTS, BUT NOT THE DOL ASPECTS.  DOL COMPLIED WITH THE NAVY'S WISHES AND MY CLAIMS WERE CONSISTENTLY BLOCKED. THIS IS BLATANTLY RETALIATORY.

ONCE MY DOL CLAIM HAD BEEN APPROVED, DOL (WHO WORKED COOPERATIVELY WITH THE NAVY THROUGHOUT THE PROCESS) ATTEMPTED TO USE THE $300,000.00 ENTRY OF JUDGEMENT AS A CREDIT TOWARD THEIR LIABILITY. DOL SENT ME TO 3 OF THE 5 DOCTORS WHO PERFORMED INDEPENDENT EVALUATIONS ON ME.  ALL 5 DOCTORS VERIFIED I WAS PERMANENTLY INJURED BY MY NAVY WORK.

LIKEWISE, THE NAVY REFUSED TO RECOMMEND WAIVER OF THE OVERPAYMENT WHICH THEY HAD INTENTIONALLY CAUSED, UNLESS I WOULD DROP MY PRIOR COMPLAINT.  WHEN I QUESTIONED HOW THE NAVY COULD SPEAK FOR DFAS, WHEN THEY HAD ALREADY DENIED ME WAIVER WITHOUT EXPLANATION, I WAS

TOLD, "ITS ALL ONE GOVERNMENT MS. HORVATH."

FROM 1988 THROUGH 1992, WHEN I WAS FORCED INTO NUMEROUS SURGERIES
DUE TO NAVY CONDUCT, IT IS MORE THAN PROBABLE I WOULD HAVE RECEIVED
AT LEAST ONE PROMOTION.  BUT, OVER A NORMAL WORK LIFE, HAD I NOT
BEEN PERMANENTLY INJURED, IT IS A CERTAINTY I WOULD HAVE REACHED
GS-12, AT A MINIMUM.

THE FINAL AGENCY DECISION, DATED NOVEMBER 7, 1996 CONCLUDED THAT I
WAS "DISCRIMINATED AGAINST BASED ON MY RACE AND PHYSICAL DISABILITY
WHEN I WAS DENIED REASONABLE ACCOMMODATIONS FOR MY DISABILITY,
DENIED TEMPORARY PROMOTIONS, DENIED COMPUTER TRAINING AND WHEN I
WAS HARASSED."

THERE WERE YEARS OF EGREGIOUS CONDUCT UNDERLYING THE FACTUAL BASIS
OF THE FINDING OF FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS FOR
MY PHYSICAL DISABILITY AND THE FINDING I WAS ROUTINELY HARASSED
BASED ON MY RACE AND DISABILITY.   THE PATTERN OF MY RECEIVING
PERMANENT PROMOTIONS, PRIOR TO BEGINNING WORK FOR MS. THOMAS, MS.
TEDRICK AND MS. MARKS COMBINED WITH THE EFFECT OF YEARS OF NOT
RECEIVING PROMOTIONS, DETAILS TO HIGHER GRADES, TRAINING AND
SUPERVISORY SUPPORT THAT OTHERS RECEIVED, WHO DID NOT SUFFER YEARS
OF DISCRIMINATION, PROVIDE A RATIONAL ARGUMENT FOR MY RECEIVING AT
LEAST ONE PROMOTION BOTH FOR THE YEARS I WORKED FOR MS. THOMAS,
(1988 THROUGH 1992) AND INTO THE FUTURE AT WHATEVER DATE I WOULD
HAVE NORMALLY RETIRED, ABSENT BEING PERMANENTLY PHYSICALLY AND
EMOTIONALLY HARMED.

PERMANENT  PROMOTION  IS  DOUBLY  REASONABLE  SINCE  THE  NAVY
CONSISTENTLY THWARTED MY ATTEMPTS TO OBTAIN MY WORKERS'COMPENSATION
UNTIL 5 DIFFERENT DOCTORS UNEQUIVOCALLY AFFIRMED I HAD BEEN
PERMANENTLY DISABLED BY MY WORK.   THERE IS NO EXPLANATION OTHER
THAN RETALIATION FOR THIS NON-SUPPORT.  I HAVE NEVER RECEIVED ANY
TYPE OF CONDOLENCE FROM THE NAVY AND THIS FURTHER EMPHASIZES THE
NAVY'S ATTITUDE REGARDING MY CASE.  MS. MARKS HAD EVEN STATED TO
DOL THAT SHE HAD NEVER KNOWN ME TO HAVE A WHEELCHAIR AND IF I WAS
EXPERIENCING ANY EMOTIONAL EFFECTS IT WAS MY OWN FAULT.   THE
PROGRESSIVE RESULTS OF EXTENSIVE DISCRIMINATION WAS PERMANENT
INJURY AND LOSS OF MY CAREER.   PERMANENT PROMOTION IS AN
APPROPRIATE REMEDY.

OVERALL RETALIATION IS EVIDENT IN THAT THE NAVY NEVER PROVIDED AN
EXPLANATION OF WHY THIS CASE WAS NOT SETTLED IN 1993, WHEN THE
EVIDENCE WAS PROVIDED AT THAT TIME.   THE CONTINUED RETALIATION
APPEARS TO BE THE REASON FOR THIS INACTION.

PAULINE HORVATH
CC: OFFICE OF HOROWITZ & RUBINOFF
    OFO

ENCL: MEDICAL REPORTS OF DR. DAVID KNEAPLER, DR. JOHN HEGE AND DR.
      BRIAN KAYE. MEDIA ARTICLES FROM SAN FRANCISCO CHRONICLE AND
      NEW MOBILITY MAGAZINE.
                        PAGE 5 OF 5