

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036



Pauline M. Horvath, *et al.*
Complainant,

v.

Dr. Donald C. Winter,
Secretary,
Department of the Navy,
Agency.

Appeal No. 0120051864[1]

Agency No. 99-65885-001C

## DECISION

Complainant, the putative class agent, initiated an appeal from the agency's final order concerning her equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. Complainant requests that the Commission reject the EEOC Administrative Judge's decision denying class certification of the class complaint at issue. For the following reasons, the Commission DISMISSES the complaint.

## ISSUE PRESENTED

Whether complainant initiated timely contact with an EEO Counselor.

## BACKGROUND

The record reveals that during the time at which the pertinent events occurred, complainant was employed as a personnel staffing specialist at the Naval Aviation Depot in Alameda, California. Complainant left the work facility in June 1992, and the facility closed in 1996. In a 1999 formal complaint, complainant alleged that she and other employees named in her complaint were subjected to retaliation when:

---

[1] Due to a new data system, this case has been re-designated with the above referenced appeal number.

**EXHIBIT** _3_

2                                    0120051864

1.    The agency placed the names of employees who had filed EEO, OWCP (Office
      of Workers Compensation) and/or OPM (Office of Personnel Management)
      claims on a Command History "blacklist/hit list," which indicated the status of
      their complaints. Complainant claims also that the list was distributed to agency
      officials who used the list to deny promotions and generally harass the
      employees whose names appeared on the list; and

2.    In February 1994, the agency's EEO office refused complainant's request to file
      an informal EEO complaint. The agency discouraged employees whose names
      appeared on the "blacklist/hit list" from filing informal EEO complaints.

The agency transferred the case to an EEOC Administrative Judge (AJ) to determine whether
the class should be certified. On September 18, 2001, the AJ issued a decision denying
certification and dismissing the class complaint. The agency adopted the AJ's decision in a
final order, and complainant appealed the matter to the Commission. In *Pauline Horvath v.
Department of the Navy*, Appeal No. 01A21404 (September 30, 2003), the Commission
vacated the agency's final order and remanded the matter to an AJ. Specifically, the
Commission determined that although the AJ focused exclusively on complainant and the class
members' inability to prove that they were "individuals with disabilities," the record revealed
that the gravamen of the complaint was that class members who participated in EEO activity
were not promoted and discouraged from participating in the EEO process because their names
were placed on a "black list" or "hit list" that was distributed to agency management. After
the matter was remanded, a second AJ issued a decision dated September 27, 2004 in which
she dismissed claim 1 on the basis that it lacked the numerosity, commonality, typicality, and
adequacy of representation necessary to meet the requirements of 29 C.F.R. § 1614.204(a)(2).
The AJ dismissed claim 2 on the basis that it was initiated by untimely EEO Counselor contact.

The agency fully implemented the AJ's final order in a decision dated November 17, 2004.
On appeal, complainant argues that the AJ erroneously failed to certify the putative class.

## ANALYSIS AND FINDINGS

Notwithstanding our prior appellate decision, we now find that although the AJ addressed the
question of class certification for claim 1, we find that the analysis should not have reached
that far because the pertinent issue is whether complainant made timely EEO Counselor
contact.

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination
should be brought to the attention of the Equal Employment Opportunity counselor within
forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a
personnel action, within forty-five (45) days of the effective date of the action. The
Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts"

3                                          0120051864

standard) to determine when the forty-five (45) day limitation period is triggered. *See Howard v. Department of the Navy*, EEOC Request No. 05970852 (February 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Upon review of the record, we determine that complainant's non-promotion in 1989/1990 is the adverse treatment that gave rise to claim 1, and claim 2 involves actions that occurred in February 1994. The record reveals that complainant did not initiate EEO Counselor contact until July 23, 1998, well beyond the 45-day time limit. Complainant contends that she did not acquire reasonable suspicion of reprisal until she learned of the "hit list" in June 1998.[2] However, she also contends that the 1989/1990 promotion was denied by a supervisor who knew of complainant's EEO activity first hand because that supervisor was involved in complainant's 1986 complaint. Therefore, the supervisor did not need the "hit list" to know that complainant had engaged in EEO activity. Finally, we note that complainant was knowledgeable about requirements for timely counselor contact because she had filed a previous complaint. We conclude that complainant has not presented any argument that would warrant an extension of the applicable time limit. Therefore, we find that complainant's complaint was initiated by untimely EEO Counselor contact.

## CONCLUSION

Accordingly, for the reasons set forth herein, the Commission dismisses this complaint.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

---

[2] The record also reveals that other putative class members were aware of the alleged "hit list" as early as 1981.

4                                          0120051864

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

5                                    0120051864

time in which to file a civil action. Both the request and the civil action must be filed within
the time limits as stated in the paragraph above ("Right to File A Civil Action").


FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


   APR 1 6 2007
_____
Date

6                                        0120051864

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Pauline M. Horvath
3544 Custer St #3
Oakland, CA 94601

William A. Navas Jr., Asst. Secretary, MRA/EEO
(NAVOECMA) OCHR Code 015
Department of the Navy
614 Sicard St., SE #100
Washington Navy Yard, DC 20374-5072

APR 1 6 2007
—————————————
Date

—————————————
Equal Opportunity Assistant