SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7322
    Facsimile:  (415) 436-6748
    Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant Dr. Donald C. Winter,
Secretary of the Navy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULINE HORVATH, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> DONALD C. WINTER, Secretary of the ) <br> Navy, ) <br> ) <br>     Defendant. ) <br> ) <br> ) | Case No. C 07-04952 JSW <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT DONALD C. WINTER'S' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Date:  February 15, 2008 <br> Time:  9:00 a.m. <br> Courtroom 2, 17th Floor <br> Hon. Jeffrey S. White |

    Defendant Donald C. Winter's motion to dismiss for lack of subject matter jurisdiction came on for hearing on February 15, 2008 at 9:00 a.m. before the Honorable Jeffrey S. White. Having considered all papers filed in support of and in opposition to the motion, and having heard oral argument, the Court hereby **GRANTS** Defendant's motion to dismiss on the ground that this action was filed in violation of an order of the court dated March 26, 1999.  In addition, the Court hereby **GRANTS** Defendants' motion to dismiss on the alternative ground that the

court lacks subject matter jurisdiction over plaintiff's claims because plaintiff failed to timely exhaust her administrative remedies. Title VII required plaintiff to exhaust her administrative remedies as a statutory precondition to suit. *Brown v. General Serv. Administration*, 425 U.S. 820, 832-33, 96 S.Ct. 1961 (1976); *Vinieratos v. Dept. of the Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991). Plaintiff failed to timely exhaust her administrative remedies because she failed to initiate EEO contact within the required period, and thus these claims were properly dismissed by the EEOC on April 16, 2007, as untimely. A federal employee seeking to pursue a complaint of discrimination must to contact an EEO counselor "within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 16104.105(a)(1). Failure to contact an EEO counselor within the time specified precludes a federal employee from pursuing her claim in federal court. *Boyd v. U.S. Postal Service,* 752 F.2d 410, 414-15 (9th Cir. 1985); *see also Lyons v. England*, 307 F.3d 1092, 1105 (failure to initiate timely EEO contact is "fatal to a federal employee's discrimination claim."). Plaintiff did not seek to file an EEO complaint until July 23, 1998, four years after she believed that she was discouraged her from filing EEO complaints, and nearly eight years after the latest non-selection for promotion of which she complains.

**IT IS SO ORDERED**.

Dated: _____     _____
　　　　　　　　　　　　　　　　　　　　Jeffrey S. White
　　　　　　　　　　　　　　　　　　　　United States District Judge

[PROPOSED] ORDER GRANTING DEFENDANT WINTER'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. C07-4952 JSW