Pauline Horvath, Plaintiff
3544 Custer St., #3
Oakland, CA  94601
510-532-3680

PLAINTIFF, PRO SE

C 07-04952 JSW

v.

Plaintiff's Opposition to Defendant's Motion to Dismiss

DR. DONALD C. WINTER,

Defendant,
------------------------/

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Defendant's Motion to Dismiss relies on Three Arguments:

(1) Because Plaintiff was knowledgeable of requirements for timely counselor contact but did not file an EEO complaint after several non-selections between the period of 1986 and 1991, that she was untimely in this blacklist complaint.

This argument fails as Defendant does not explain how it would have been possible for Plaintiff to file EEO complaints during the 1986 through 1991 period for non-selections, when she was not informed until 1998, she had been blacklisted and that was the reason for her earlier non-promotions.

Plaintiff's blacklisting complaint is timely because she "would not have known of the existence of a possible claim within the

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

1

1 limitation period." Normally an EEO complaint for non-selection
2 would have to be filed within 45 days of an applicant not being
3 selected. However, during the period Plaintiff applied for
4 several promotions, between 1986 and 1991, she was unaware that
5 a blacklist with her name on it had been circulated and discussed
6 among managers whom she applied to for promotions.  She was not
7 aware that these actions had taken place until 1998, at which
8 time she filed. Plaintiff had no knowledge of the Navy's
9 blacklisting documents and how her being blacklisted, resulted
10 in her own non-selections, while she was applying for
11 promotions.
12 Defendant incorrectly characterizes Plaintiff's EEO history in
13 his Motion to Dismiss. Pg. 3, lines 7-8 states, "At various
14 times since 1986, Plaintiff has made EEO complaints against her
15 former employer" and pg. 9, lines 13 through 15 state
16 "...Plaintiff failed to timely exhaust her administrative
17 remedies in that she failed to contact an EEO Counselor in a
18 timely manner. Plaintiff's failure to do so in inexcusable in
19 light of her long history of EEO complaints and litigation."
20 The EEO complaints Defendant alludes to, took place after 1992
21 and the period in which Plaintiff could have filed non-selection
22 complaints, ended in 1991.
23 Plaintiff having filed one single, informal EEO complaint in
24 1986, which she never filed formal and which she believed had
25 settled amicably, is inconsistent with Defendant's above

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

1 characterization of Plaintiff having a long history of EEO
2 complaints at the end of 1991. It is not a sufficient argument
3 to show Plaintiff should have been aware during those years, that
4 she had been retaliated against, when she was not promoted.
5 Plaintiff is incorrectly characterized since she filed no
6 complaints between 1986 and 1992.
7 Plaintiff's complaint, is being blacklisted. One of the results
8 of this action, was Plaintiff's not being promoted during the
9 years 1986 and 1991. Not being selected for a promotion is one of
10 the most concrete, measurable harms suffered by being
11 blacklisted, but there are numerous other tangible and
12 intangible harms as a result of blacklisting.
13 Plaintiff was timely in filing this complaint as she had no
14 awareness she was not being promoted due to retaliation, until
15 she learned not being promoted was a direct result of being
16 blacklisted.
17 (2) The Second Argument Defendant relies on in his Motion to
18 Dismiss is the 1999 order issued by Judge Patel.
19 The first time Plaintiff filed a formal complaint was in 1992
20 and this Court entered judgement in Plaintiff's favor, for that
21 complaint, in 1997. Neither the 1992 complaint nor any of the
22 following related complaints, that stemmed from the first one,
23 had any mention of or relation to blacklisting. Plaintiff's
24 complaints Defendant describes were filed after 1992 and were
25 the result of the backlash Plaintiff was subjected to,

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

1  throughout the years from 1992 to 1997.  The Navy had
2  immediately began a series of retaliatory acts, such as delaying
3  her benefits, as soon as she filed her 1992 complaint. Because
4  Plaintiff was in need of funds during this period she had to file
5  for several benefits, which the Navy immediately obstructed.
6  Due to administrative EEO filing requirements, Plaintiff was
7  forced to file several complaints during different time periods,
8  which made it appear she was filing many complaints. But these
9  complaints occurred because of and were related to her first 1992
10 complaint. Plaintiff agrees all her Navy complaints, whether
11 related or not, should have been settled at the same time for
12 the benefit of the Plaintiff and the Navy. The reason the
13 complaints did not end at once, was that Plaintiff's attorneys
14 at the time and the government attorney at the time, did not
15 negotiate enough, to settle all complaints at once. When an
16 Entry of Judgement was offered by the Navy to settle just the
17 first 1992 complaint, with attorney fees included in that offer
18 and the government attorney provided only a very short time
19 frame to accept or reject the offer, Plaintiff's attorneys
20 advised her to accept that offer immediately, stating that if
21 she accepted their other offer that included two of her pending
22 retaliation complaints then before Judge Petal, she would
23 forfeit her workers compensation benefits.
24 When Plaintiff's complaints did not settle, plaintiff's
25 attorneys began to represent her on the two District Court

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

4

complaints left pending after the 1992 complaint settled. Although Plaintiff provided her attorneys declarations and other evidence that she had been treated differently in the retaliation complaints, Judge Patel's dismissal stated Plaintiff had not provided that same critical evidence. When Plaintiff personally informed Judge Patel the evidence had been presented to her attorneys and that Plaintiff had desired to settle all her complaints at once, she stated, "that sounds like malpractice." The next event that took place after that was Judge Patel issuing her 1999 Order that discouraged further filing by Plaintiff.

Plaintiff also notes it was Judge D. Lowell Jensen who entered Judgement in favor of Plaintiff, for complaint No. C-97-00534 DLJ.

Judge Patel later related and dismissed the other actions. Plaintiff did inform both her own attorneys and the government attorney during the period of the pending settlement talk, that there was a new blacklisting issue unrelated to her pending retaliation complaint, that she wished to include in the negotiations. She was informed by her attorneys that as her complaint was just at the informal stage, she was required to go through the administrative process and that they would represent her if she later located the actual blacklist, which she did not have at the time. Plaintiff also verbally informed the government attorney of the new unrelated blacklisting complaint

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

in an attempt to conclude all her complaints. She was informed that the Navy was not interested in settling any blacklisting complaint. Plaintiff was left with no option but to pursue the years of lengthy administrative Navy EEO investigations and then further years of EEOC investigation.

When Plaintiff first filed this District Court complaint, she filed a document in compliance with Judge Patel's 1999 Order entitled "Request for Oakland District Court Filing Location, Due to Severe Disability, and Request for Leave of Court to File this Complaint."

Plaintiff requested Leave of Court to file this complaint, as ordered. This blacklisting complaint covers different time periods from those heard by Judge Patel. Throughout the many years this blacklisting complaint was investigated by various Navy and then EEOC levels, Plaintiff has clarified her complaint to a basic definition. Plaintiff filing an EEO complaint and being blacklisted on Navy lists, is the retaliation she suffered. Not being promoted is the result of her being blacklisted. The fact Plaintiff has a disability is irrelevant in this complaint. The issue of blacklisting is not a part of previously filed complaints and should be addressed by this Court, since it has not been previously heard.

(3) The Third Argument Defendant relies on in his Motion to Dismiss is that because EEOC dismissed Plaintiff's blacklisting complaint as untimely, this Court should adopt the decision.

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

1  When Plaintiff first filed this complaint, she included her
2  argument to EEOC's Decision that she was untimely.
3  In that document, which was not addressed by EEOC, other than to
4  provide Plaintiff the Right to Sue Letter, to file in District
5  Court, she addresses several reasons why she was timely,
6  including that EEOC's Decision was incorrectly based on only one
7  promotion she applied for, when in fact she had applied for
8  several promotions, in which those supervisors had no knowledge
9  of Plaintiff's 1986 complaint. EEOC's basis for dismissal
10 incorrectly involved solely one supervisor whom Plaintiff
11 applied to for promotion, having had knowledge of her 1986
12 complaint.
13 For all of the above reasons, Plaintiff requests the Court
14 dismiss the Defendant's Motion.
15     Respectfully Submitted,
16     *[signature: Pauline Horvath]*   2-8-08
17     Pauline Horvath,
       Plaintiff
18
19
20
21
22
23
24
25

Plaintiff's Opposition to Defendant's Motion to Dismiss
C 07-04952 JSW

# CERTIFICATE OF SERVICE

I, THE UNDERSIGNED, HEREBY CERTIFY THAT I AM A CITIZEN OF THE UNITED STATES, OVER THE AGE OF EIGHTEEN YEARS, AND NOT A PARTY TO THE WITHIN ACTION. MY ADDRESS IS: 3544 Custer Street Oakland, CA 94601

I SERVED A COPY OF THE ENCLOSED DOCUMENTS AND ANY ATTACHMENTS DESCRIBED AS:

1. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS C 07-04952 JSW

EITHER IN PERSON OR BY CERTIFIED MAIL, ON THE PERSONS LISTED BELOW.

| NAME | ADDRESS | DATE SERVED |
|---|---|---|
| MICHEL THOMAS PYLE<br>U S ATTORNEY'S OFICE | U.S. DISTRICT COURT<br>450 GOLDEN GATE AVENUE<br>BOX 36055<br>SAN FRANCISCO, CA 94102 | 2-8-08 |
| CLERK OF THE COURT<br>U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF | U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF<br>CALIFORNIA<br>450 GOLDEN GATE AVENUE<br>SAN FRANCISCO, CA 94102 | 2-8-08 |

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON February 8, 2008 AT OAKLAND, CALIFORNIA

_____
SIGNATURE