JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7322
    FAX: (415) 436-6748
    E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant Dr. Donald C. Winter,
Secretary of the Navy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULINE M. HORVATH, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. DONALD C. WINTER, SECRETARY,) <br> OF THE NAVY, ) <br> ) <br>     Defendant. ) | No. 07-04952 JSW <br><br> **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff submitted no evidence in opposition to Defendant's Rule 12(b)(1) motion, and her opposition brief fails to provide argument sufficient to avoid dismissal. The Court should grant Defendant's motion.

## II. ARGUMENT

Plaintiff bears the burden of establishing subject matter jurisdiction since she is the one seeking to invoke the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Plaintiff has presented no evidence that she exhausted her administrative remedies by the timely initiation of EEO contact, yet it is evidence rather than argument that is necessary to

establish subject matter jurisdiction. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court should grant Defendants' motion on that basis alone.

Looking at the evidence that is before the Court, there is no dispute that the EEOC's Office of Federal Operations ("OFO") determined Plaintiff's complaint in this case to be about her "non-promotion in 1989/1990" and concluded that her July 23, 1998 EEO complaint was untimely by a number of years. *See* Pyle Decl., Exh. 3. The OFO determined that the 1989/90 promotion "was denied by a supervisor who knew of complainant's EEO activity first hand because that supervisor was involved in complainant's 1986 complaint" and thus the alleged "black list" was irrelevant. *Id.*

Plaintiff's opposition brief contends that the OFO's decision was wrong because it "was incorrectly based on only one promotion that she applied for, when in fact she had applied for several promotions, in which those supervisors had no knowledge of Plaintiff's 1986 complaint." Opp. Br. at 7. Plaintiff does not identify what these "several promotions" were or who the "supervisors" were who did not know about her 1986 complaint. She does say that she applied for "several promotions between 1986 and 1991." Opp. Br. at 2.

Plaintiff's case is apparently premised on the idea that there was some supervisor or supervisors of hers who did not know about her prior EEO activity (her 1986 complaint) but instead learned of plaintiff's EEO activity through a "black list." Plaintiff's failure to provide any evidence or even any allegation on these points should lead the Court to grant Defendant's motion. Nor does Plaintiff provide any evidence or even any allegation as to the circumstances by which she allegedly failed to learn of the alleged "black list" until June 14, 1998.[1]

Defendant's motion rests on the simple fact that Plaintiff failed to exhaust her administrative remedies by not initiating timely EEO contact. In Plaintiff's opposition brief, she attempts to obscure the issues. She first contends that "it would [not] have been possible for her to file EEO

---

[1] Plaintiff argues it was incorrect for Defendant to claim that she has made EEO complaints against her former employer "at various times since 1986," yet Plaintiff's July 23, 1998 EEO complaint states: "I had filed EEO complaints in 1986 and 1992." Pyle Decl., Exh. 2 at page 2.

DEFENDANT'S REPLY BRIEF ISO MTD
C 07-04952 JSW                                   2

complaints during the 1986 through 1991 period for non-selections, when she was not informed until 1998, she had been blacklisted." Op. Br. at 1. This argument ignores the fact that Plaintiff failed to file an EEO complaint despite her admitted understanding that "[n]ormally an EEO complaint for non-selection would have to be filed within 45 days of an applicant not being selected." Op. Br. at 2. Each non-selection between 1986 through 1991 triggered Plaintiff's duty to initiate EEO contact. As Plaintiff concedes in her opposition brief, "[n]ot being selected for promotion is one of the most concrete, measurable harms suffered." Op. Br. at 3.

Plaintiff also attempts to excuse her untimely filing by alleging that she could not have known that the non-selections between 1986 through 1991 were retaliatory since her first formal complaint was not filed until 1992.[2] Op. Br. at 2-3. Plaintiff appears to incorrectly assume that her 1986 complaint is not considered protected activity for purposes of retaliation because it was resolved informally.[3] Op. Br. at 2. Therefore, Plaintiff concludes that because the 1992 formal complaint was filed after the 1986 through 1991 non-selections, she would not have had reason to suspect that those non-selections were retaliatory, thus excusing her untimely filing. Op. Br. at 2-3. This argument does not help Plaintiff. As stated in Defendant's moving papers, each non-selection occurring between 1986 through 1991 triggered Plaintiff's duty to initiate EEO contact. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act.").

### III. DEFENDANT'S POSITION REGARDING TRANSFER OF CASE

Defendant has no reason to doubt Plaintiff's representations about her disability, but given the time this Court has already invested in the matter and the interest in judicial economy Defendant submits that this Court should not transfer the case to a new judge in Oakland. Defendant believes that, with the Court's assistance, any prejudice to Defendant can be avoided

---

[2] Notably, Paragraph 7 of Plaintiff's complaint in this action states: "The alleged discrimination occurred on or about 1986 and thereafter."

[3] Plaintiff's assumption that an informal complaint does not constitute protected activity is incorrect. *See Passantino. v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2000) (stating that informal complaints to a supervisor constitute protected activity in a retaliation claim).

DEFENDANT'S REPLY BRIEF ISO MTD
C 07-04952 JSW                            3

1  by either (a) allowing Plaintiff to appear telephonically for hearings and/or case management
2  conferences or (b) scheduling any hearings and/or case management conferences in the
3  afternoon. For its part, Defendant would do whatever would be possible to minimize any
4  unnecessary burden on Plaintiff.

## IV.    CONCLUSION

Defendant respectfully requests that the Court grant his motion to dismiss.

Dated: March 7, 2008                Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By:      /s/
Michael T. Pyle
Assistant U.S. Attorney


ROBYN L. MCNISH
Trial Counsel
Office of the General Counsel
Navy Litigation Office
Washington Navy Yard
702 Kennon Street, S.E., Bldg. 36, Rm 233
Washington D.C. 20374-5013