**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE HORVATH,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. DONALD C. WINTER,<br><br>   Defendant.<br>_____/ | No. C 07-04952 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE COMPLAINT; DENYING PLAINTIFF'S MOTION TO HEAR CASE IN OAKLAND DIVISION; AND GRANTING, WITH LEAVE TO AMEND, DEFENDANT'S MOTION TO DISMISS** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the following motions: (1) a motion for leave to file the complaint, filed by Plaintiff Pauline Horvath ("Ms. Horvath"); (2) a motion to have this matter heard in the Oakland Division, filed by Ms. Horvath; and (3) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by Defendant Donald C. Winter ("Secretary Winter"). Having considered the parties' papers, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Ms. Horvath's motion for leave to file the complaint, DENIES Ms. Horvath's request to have this case heard in the Oakland Division, and GRANTS, WITH LEAVE TO AMEND, Secretary Winter's motion to dismiss.

//

//

**BACKGROUND**

On September 25, 2007, Ms. Horvath filed her complaint, in which she alleges that from "1986 and thereafter," Winter retaliated against her by failing to promote her and by blacklisting her "with other Navy employees who have filed an EEO Complaint." (Compl. ¶¶ 4d, 7.) Ms. Horavth advances a claim for retaliation based on the allegation that Winter's agents put her on a "blacklist," because she previously filed a discrimination complaint based on her disabilities. (*Id.* ¶ 5e and Attachment 2 (Request to Reconsider dated May 18, 2007); *see also* Declaration of Michael T. Pyle in Support of Defendant's Motion to Dismiss ("Pyle Decl."), ¶ 3, Ex. 2 (Complaint for Promotion dated July 23, 1998).)

During the relevant time period, Secretary Winter employed Ms. Horvath as a personnel staffing specialist at the Naval Aviation Depot, in Alameda, California. (*See* Pyle Decl., ¶ 4, Ex. 3 (April 16, 2007 Decision of the Office of Federal Operations of the EEOC ("Apr. 16, 2007 Dec'n.") at 1.) Ms. Horvath does not specify the nature of the alleged adverse actions in her Complaint, and her opposition to Secretary Winter's motion adds no further clarity. Rather, Ms. Horvath refers only to "several [unspecified] non-selections between 1986 and 1991." (Opp. Br. at 1.) At the hearing, Ms. Horvath noted that she submitted two announcements of positions that she applied for and was denied. (*See* Compl., Attachment 2.) Ms. Horvath's employment with the Navy terminated in 1992. (*Id.*)

Ms. Horvath has filed approximately five other cases within this district, which pertain to her employment with the Department of the Navy. *See Horvath v. Dalton*, 97-CV-88 MHP, *Horvath v. Dalton, et al.,* 97-CV-441 MHP, *Horvath v. Dalton*, 97-CV-534 MHP, *Horvath v. Dalton, et al.*, 98-CV-4562, and *Horvath v. Lachance, et al.*, 98-CV-4604 MHP. On March 26, 1999, Judge Patel, who had presided over each of these earlier cases, ordered Ms. Horvath to "seek leave of this court before she files any additional actions in this District involving any claims related to her employment with the United States Navy or against defendant Dalton or other persons whom she has sued in prior actions in this District." (*See* Pyle Decl., Ex. 1.) In compliance with Judge Patel's Order, when Ms. Horvath submitted the instant case to the Clerk, she filed a concurrent motion in which she sought leave to file the case.

2

**ANALYSIS**

**A.    Plaintiff's Motions for Leave to File the Complaint and to Have the Case Heard in the Oakland Division.**

Although the instant case may arguably fall within the scope of Judge Patel's March 26, 1999 Order, it is unclear to the Court whether Ms. Horvath was provided notice and an opportunity to be heard before that Order was issued. *See, e.g., De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). In light of the fact that the instant case does not appear to reassert factual claims raised in the earlier cases, in light of the fact that the Government moves to dismiss on grounds other than Judge Patel's Order, and in light of the general preference for litigating cases on their merits, the Court GRANTS Ms. Horvath's motion for leave to file the Complaint.

In the motion for leave to file the Complaint, Ms. Horvath also "requests the disability accommodation of filing and having her case heard in the Oakland District Court, as she lives in Oakland and is severely disabled." (*See* Docket No. 2.) Pursuant to Northern District Civil Local Rule 3-2(f), "[w]henever a Judge finds, upon the Judge's own motion, or the motion of any party, ... that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan." Secretary Winter opposes a transfer based on the time this Court has invested in the matter.

The Court recognizes Ms. Horvath's physical limitations but concludes that a transfer is not warranted and DENIES that request. However, with the exception of a pretrial conference and trial, the Court will permit Ms. Horvath to appear at further hearings or case management conferences by telephone. Ms. Horvath need only file a notice of her intent to appear by telephone and provide a landline at which she may be reached. In the event the Court deems it necessary for her to appear in person, it shall make every reasonable effort to accommodate her.

//

//

//

3

**B.      Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Secretary Winter moves to dismiss on the ground that Ms. Horvath failed to exhaust her administrative remedies by not contacting an EEO counselor within 45 days of the alleged adverse actions.

**1.      Applicable Legal Standards.**

**a.      Motions to Dismiss Under Rule 12(b)(1).**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**b.      Exhaustion of Administrative Remedies.**

Title VII provides the exclusive remedy for a federal employee suing the Government for discrimination. *Brown v. Gen. Serv. Admin*., 425 U.S. 820, 835 (1976). It is a basic tenet of employment discrimination law that before proceeding to federal court on a claim, a federal employee must properly exhaust administrative remedies available under 29 C.F.R. §1614. *See*

1  *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003); *Vinieratos v. United States*, 939
2  F.2d 762, 767-68 (9th Cir. 1991). The Supreme Court also has held that the exhaustion of
3  administrative remedies is a jurisdictional prerequisite to appear in federal court. *Zipes v. Trans
4  World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also* Cherosky, 330 F.3d at 1245;
5  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2000) (holding that "substantial
6  compliance with the presentment of discrimination complaints to an appropriate agency *is* a
7  jurisdictional prerequisite.").

8        Thus, before proceeding to federal court, federal regulations require that "[a]ggrieved
9  persons who believe they have been discriminated against ... must consult a Counselor prior to
10 filing a complaint in order to try to informally resolve the matter" within "45 days of the date of
11 the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the
12 effective date of the action." 29 C.F.R. §§ 1614.105(a)(1).

13       The Supreme Court also explained, however, that the time periods in which a plaintiff
14 must take the necessary steps to exhaust administrative remedies are akin to statutes of
15 limitations and subject to equitable doctrines such as tolling. *Zipes*, 455 U.S. at 393; *see also
16 Boyd v. United States*, 752 F.2d 410, 414 (9th Cir. 1985); *see also* 29 C.F.R. § 1614.105(a)(2)
17 (45 day limit may be extended when "the [plaintiff] shows that he or she was not notified of the
18 time limits and was not otherwise aware of them, that he or she did not know and reasonably
19 should not have been known that the discriminatory matter or personnel action occurred [*sic*],
20 [or] that despite due diligence he or she was prevented by circumstances beyond his or her
21 control from contacting the counselor within the time limits"). Although a court has discretion
22 to determine whether it would be proper to apply equitable doctrines, the Supreme Court
23 advised that they should be "applied sparingly." *Nat'l R.R. Passenger Corp., v. Morgan*, 536
24 U.S. 101, 113 (2002).

25       Finally, in *Morgan*, the Supreme Court rejected the "continuing violations" theory and
26 has held that a discrete retaliatory or discriminatory act occurred on the day that it happened,
27 thereby triggering the applicable limitations periods. *Nat'l R.R. Passenger Corp. v. Morgan*,
28 536 U.S. 101, 110 (2002). Discrete acts are not actionable if time barred, even when they are

5

1 related to acts alleged in timely filed charges. *Id.* at 113. Each incident of discrimination and
2 each retaliatory adverse employment decision constitutes a separate actionable unlawful
3 employment practice. *Id.* at 114.

### 2. Defendant's Motion is Granted, With Leave to Amend.

Secretary Winter argues that, to the extent they have been identified, the alleged retaliatory actions about which Ms. Horvath complains took place well before 1998, any claims based on those actions are barred.[1] It is undisputed that Ms. Horvath initiated contact with an EEO counselor with respect to the claims raised in the instant complaint on July 23, 1998. (*See* Pyle Decl., Ex. 2.) The 45th day prior to July 23, 1998, is June 8, 1998. Thus, any claims based on retaliatory actions that occurred prior to June 8, 1998 would be barred, unless Ms. Horvath can demonstrate that the 45 day period should be equitably tolled.

As noted, it appears that the focus of Ms. Horvath's complaint is the fact that she was placed on an alleged blacklist in retaliation for filing an EEO complaint in 1986, and that Secretary Winter's agents thereafter used that fact against her to deny her promotional and other professional opportunities. Ms. Horvath contends, however, that she did not learn *why* she had been denied these opportunities until 1998, when she learned of the alleged blacklist. (*Id.*)

The doctrine of equitable tolling prevents a statute of limitations from running against a plaintiff who was unaware of his or her cause of action. *See Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (stating that tolling may be applied, "if despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") To determine a claimant's "awareness" of a cause of action, a court can assess whether a claimant had actual or constructive notice of the filing period. *Leorna v. United States*, 105 F.3d 548, 551 (9th Cir. 1997). Courts will make this determination based on an objective standard. *See Santa Maria*, 202 F.3d at 1178 ("If a reasonable plaintiff would not have known

---

[1] Secretary Winter argues that, based on her prior complaints, Ms. Horvath "must be charged with constructive knowledge of what was required to preserve her rights." (Mot. at 9:1-2.) However, Ms. Horvath does not contend she was not aware of these deadlines or that she had been denied promotions. Rather, she contends that she was not aware of the fact that the decisions were retaliatory in nature until she learned of the alleged blacklist in 1998.

United States District Court
For the Northern District of California

of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations ... .")

Here, Ms. Horvath asserts that she was retaliated against from 1986 and thereafter. (Compl. ¶ 7.) Further, Ms. Horvath identifies two promotional positions that she contends Secretary Winter denied her based on her prior EEO activity. (*See id.*, Attachment 2.) These personnel actions allegedly took place in 1989 and 1991. (*Id.*) However, Ms. Horvath has not alleged facts that would support equitably tolling the deadlines associated with the exhaustion of administrative remedies. Accordingly, the Court shall GRANT Secretary Winter's motion to dismiss. The Court shall grant Ms. Horvath leave to file an amended complaint, if she can set forth facts that demonstrate that the deadlines should be tolled. That is to say, Ms. Horvath must be able to allege facts demonstrating when and how she learned of the alleged blacklist. Ms. Horvath shall file any amended complaint by no later than May 2, 2008. The Court also advises Ms. Horvath that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

Secretary Winter shall file his responsive pleading or answer to the amended complaint within the time period required by the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Ms. Horvath's motion for leave to file the Complaint, DENIES Ms. Horvath's motion to have this case heard in the Oakland Division, and GRANTS, with leave to amend, Secretary Winter's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 31, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE