**United States District Court**
For the Northern District of California

1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8    PAULINE HORVATH,                        No. C-07-4952 JSW (EMC)

9            Plaintiff,

10   v.                                      **NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER**

11   DR. DONALD C. WINTER, Secretary,
     Department of the Navy,

12

13           Defendant.
     _____/

14

15       TO ALL PARTIES AND COUNSEL OF RECORD:

16       The above matter was referred to Magistrate Judge Edward M. Chen for settlement purposes.

17       You are hereby notified that a settlement conference is scheduled for **May 4, 2009, at 10:00**

18   **a.m.**, Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco,

19   California  94102.  Any questions regarding scheduling of the settlement conference should be

20   directed to Judge Chen's secretary, Leni Doyle, at (415) 522-4050.

21       ♦       **Settlement Conference statements shall be lodged by hard copy only with Judge**

22               **Chen's Chambers by April 20, 2009.  Statements shall not be electronically filed.**

23       It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to

24   evaluate the case for settlement purposes is completed by the date of the settlement conference.

25   Counsel shall cooperate in providing discovery informally and expeditiously.

26       **Lead trial counsel** shall appear at the settlement conference **with the parties**.  Any party

27   who is not a natural person shall be represented by the person or persons not directly involved in the

28   events which gave rise to the litigation but with **full authority** to negotiate a settlement.  A person

**United States District Court**
For the Northern District of California

1  who needs to call another person not present before agreeing to any settlement does not have **full**

2  **authority**.  **Full authority means authority to accept the last demand or counter-offer by the**

3  **other party, not what the party thinks the case is worth.**  If a party is a governmental entity, its

4  governing body shall designate one of its members or a senior executive to appear at the settlement

5  conference with authority to participate in the settlement conference and, if a tentative settlement

6  agreement is reached, to recommend the agreement to the governmental entity for its approval.  **An**

7  **insured party shall appear with a representative of the carrier with full authority to negotiate**

8  **up to the limits of coverage.**  The Court shall be notified immediately if the carrier declines to

9  attend.  **Personal attendance of a party representative** will rarely be excused by the Court, and

10  then only upon separate written application demonstrating substantial hardship served on opposing

11  counsel and lodged as early as the basis for the hardship is known but no later than the settlement

12  conference statement.

13       No later than seven (7) days before the settlement conference, the parties shall meet and

14  confer to discuss who will attend and ensure compliance with this Order regarding full authority.  If

15  there is a dispute regarding attendance, the parties shall fax a letter to the Court at facsimile number

16  (415) 522-4200, briefly describing the dispute.

17       Each party shall prepare a settlement conference statement, which must be lodged (not faxed)

18  with the Magistrate Judge's chambers and served upon opposing counsel no later than fourteen (14)

19  calendar days prior to the conference.  The settlement conference statement shall be submitted on 3-

20  hole punched paper.  The settlement conference statement should **not** be filed with the Clerk of the

21  Court.  In order to encourage candid discussion of the case with the Court, any party may submit a

22  confidential supplemental settlement letter to the Court not to exceed three (3) pages.  The contents

23  of this supplemental confidential settlement letter will not be disclosed to the other parties.

24       The settlement conference statement shall not exceed ten (10) pages of text and twenty (20)

25  pages of exhibits and shall include the following:

26       1.    A brief statement of the facts of the case.

27       2.    A brief statement of the claims and defenses including, but not limited to, statutory or

28  other grounds upon which the claims are founded, and a **candid** evaluation of the parties' likelihood

2

of prevailing on the claims and defenses.  The more candid the parties are, the more productive the

conference will be.  As noted above, a supplemental confidential settlement letter containing such a

candid evaluation may be submitted.

       3.      A list of the key facts in dispute and a brief statement of the **specific** evidence

relevant to a determination of those facts.

       4.      A summary of the proceedings to date and any pending motions.

       5.      An estimate of the out of pocket expenses, attorney's fees and time to be expended

for further discovery, pretrial and trial.

       6.      The relief sought, including an itemization of damages.  If plaintiff seeks attorney's

fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient

information to enable the fee claim to be evaluated for purposes of settlement.

       7.      The party's position on settlement, including present demands and offers and a

history of past settlement discussions.

       8.      Who will be attending with full authority.

Settlement conference statements **may** be submitted on CD-ROM with hypertext links to

exhibits.  Otherwise, the portion of exhibits on which the party relies shall be highlighted.

It is not unusual for the conference to last three (3) or more hours.  Parties should be

prepared to devote the entire day to the conference if necessary.  Parties are encouraged to

participate and frankly discuss their case.  Statements they make during the conference will not be

admissible at trial in the event the case does not settle.  The parties should be prepared to discuss

such issues as:

       1.      Their settlement objectives.

       2.      Any impediments to settlement they perceive.

       3.      Whether they have enough information to discuss settlement.  If not, what additional

information is needed.

       4.      The possibility of a creative resolution of the dispute.

Because the settlement conference will likely involve some assessment of claims, defenses

and relief in the case, the parties should have available at the conference documents, exhibits, and

**United States District Court**
For the Northern District of California

1  other items essential to that assessment not already attached as exhibits to the settlement conference

2  statement.

3    Any request to continue the settlement conference shall state the reason therefor and be

4  submitted in writing as soon as possible after consultation with the opposing party but well in

5  advance of the scheduled conference date.  Submission of such request shall be filed with the Court;

6  a courtesy copy is acceptable at facsimile number (415) 522-4200.

7    The parties shall notify chambers immediately at (415) 522-4050 if this case settles prior to

8  the date set for settlement conference.  Counsel shall provide a copy of this order to each party who

9  will participate in the conference.

10

11    IT IS SO ORDERED.

12

13  Dated: January 22, 2009

14
           EDWARD M. CHEN
15             United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8   PAULINE HORVATH,                          No. C-07-4952 JSW (EMC)

9           Plaintiff,

10          v.
                                              **CERTIFICATE OF SERVICE**
11  DR. DONALD C. WINTER, Secretary,
    Department of the Navy,
12
            Defendant.
13  _____/

14

15       I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

16  District of California.  On the below date, I served a true and correct copy of the attached, by placing

17  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

18  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

19  receptacle located in the Office of the Clerk.

20  PAULINE HORVATH                    *ALL OTHER COUNSEL SERVED VIA*
    3544 Custer Street, #3             *ELECTRONIC FILING ("E-FILING")*
21  Oakland, CA  94601
    510/532-3680
22

23  Dated:  January 22, 2009           RICHARD W. WIEKING, CLERK

24

25                                     By:  _____/s/_____
                                            Leni Doyle
26                                          Deputy Clerk

27

28